**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Saul Gonzales,<br><br>   Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>   Defendant. | No. CV-18-00837-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff Saul Gonzales' ("Plaintiff") appeal from the Social Security Commissioner's (the "Commissioner") denial of his application for a period of disability, disability insurance benefits, and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, 1381 *et. seq.* (Doc. 1 at 1–3). This matter has been fully briefed by the parties.[1] The Court now rules on Plaintiff's appeal.

**I. BACKGROUND**

The parties are familiar with the background information in this case, and it is summarized in the Administrative Law Judge's ("ALJ") decision. (*See* Doc 11-3 at 27–39). Accordingly, the Court will reference the background only as necessary to the analysis below.

**II. LEGAL STANDARD**

The ALJ's decision to deny disability benefits may be overturned "only when the

---

[1] (*See* Docs. 12, 14).

ALJ's findings are based on legal error or not supported by substantial evidence in the record." *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (citing *Young v. Sullivan*, 911 F.2d 180, 183 (9th Cir. 1990)).

"The inquiry here is whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached by the ALJ." *Gallant v. Heckler*, 753 F.2d 1450, 1453 (9th Cir. 1984) (citations omitted). "Where evidence is susceptible of more than one rational interpretation, it is the ALJ's conclusion which must be upheld; and in reaching his findings, the ALJ is entitled to draw inferences logically flowing from the evidence." *Gallant*, 753 F.2d at 1453 (citations omitted); *see Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). This is because "[t]he trier of fact and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992); *see Benton*, 331 F.3d at 1035 ("If the evidence can support either outcome, the Commissioner's decision must be upheld.").

The ALJ is responsible for resolving conflicts in medical testimony, determining credibility, and resolving ambiguities. *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Thus, if on the whole record before the Court, substantial evidence supports the ALJ's decision, the Court must affirm it. *See Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989); *see also* 42 U.S.C. § 405(g). On the other hand, the Court "may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (internal quotations and citations omitted).

Notably, the Court is not charged with reviewing the evidence and making its own judgment as to whether Plaintiff is or is not disabled. Rather, it is a "fundamental rule of administrative law" that a reviewing court, in dealing with a judgement which an

administrative agency alone is authorized to make, may only make its decision based upon evidence discussed by the agency. *Sec. & Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194, 196 (1947). Thus, the Court's inquiry is constrained to the reasons asserted by the ALJ and the evidence relied upon in support of those reasons. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).

Similarly, when challenging an ALJ's decision, "issues which are not specifically and distinctly argued and raised in a party's opening brief are waived." *Arpin v. Santa Clara Valley Trans. Agency*, 261 F.3d 912, 919 (9th Cir. 2001) (citing *Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1110 n. 1 (9th Cir. 2000) (en banc), *vacated and remanded on other grounds*, 535 U.S. 391 (2002)); *see also Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226 n. 7 (9th Cir. 2009) (applying the principle to Social Security appeals). Accordingly, the Court "will not manufacture arguments for an appellant." *Arpin*, 261 F.3d at 919 (citation omitted).

### A. Definition of a Disability

A claimant can qualify for Social Security disability benefits only if he can show that, among other things, he is disabled. 42 U.S.C. § 423(a)(1)(E). A disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Id.* § 423(d)(1)(A). A person is disabled only if his "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A).

### B. The Five-Step Evaluation Process

The Social Security regulations set forth a five-step sequential process for evaluating disability claims. 20 C.F.R. § 404.1520(a)(4); *see also Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998). A finding of "not disabled" at any step in the sequential process will end the inquiry. 20 C.F.R. § 404.1520(a)(4). The claimant bears the burden of

proof at the first four steps, but the burden shifts to the Commissioner at the final step. *Reddick*, 157 F.3d at 721. The five steps are as follows:

First, the ALJ determines whether the claimant is engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled. *Id.*

At the second step, the ALJ next considers whether the claimant has a "severe medically determinable physical or mental impairment." *Id.* § 404.1520(a)(4)(ii). If the claimant does not have a severe impairment, then the claimant is not disabled. *Id.* § 404.1520(c). A "severe impairment" is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* Basic work activities are the "abilities and aptitudes to do most jobs," such as lifting, carrying, reaching, understanding, carrying out and remembering simple instructions, responding appropriately to co-workers, and dealing with changes in routine." *Id.* § 404.1521(b). Additionally, unless the claimant's impairment is expected to result in death, "it must have lasted or must be expected to last for a continuous period of at least 12 months" for the claimant to be found disabled. *Id.* § 404.1509.

Third, having found a severe impairment, the ALJ then considers the severity of the claimant's impairment. *Id.* § 404.1520(a)(4)(iii). This requires the ALJ to determine if the claimant's impairment "meets or equals" one of the impairments listed in the regulations. *Id.* If so, then the ALJ will find that the claimant is disabled. *Id.* If the claimant's impairment does not meet or equal a listed impairment, then the ALJ will assess the claimant's "residual functional capacity based on all the relevant medical and other evidence in [the claimant's] case record." *Id.* § 404.1520(e). In assessing the claimant's "residual functional capacity" ("RFC"), the ALJ will consider the claimant's "impairment(s), and any related symptoms, such as pain, [that] may cause physical and mental limitations that affect what [the claimant] can do in a work setting." *Id.* § 404.1545(a)(1). A claimant's RFC is the most the claimant can still do despite the effects of all the claimant's medically determinable impairments, including those that are not severe. *Id.* § 404.1545(a)(1–2).

At step four, the ALJ determines whether, despite his impairments, the claimant can still perform "past relevant work." *Id.* § 404.1520(a)(4)(iv). To do this, the ALJ compares the claimant's residual function capacity with the physical and mental demands of the claimant's past relevant work." *Id.* § 404.1520(f). If the claimant can still perform his past relevant work, the ALJ will find that the claimant is not disabled. *Id.* § 1520(a)(4)(iv). Otherwise, the ALJ proceeds to the final step.

At the fifth and final step, the ALJ considers whether the claimant "can make an adjustment to other work" that exists in the national economy. *Id.* § 404.1520(a)(4)(v). In making this determination, the ALJ considers the claimant's RFC, age, education, and work experience. *Id.* § 404.1520(g)(1). If the ALJ finds that the claimant can make an adjustment to other work, then the claimant is not disabled. *Id.* § 404.1520(a)(4)(v). However, if the ALJ finds that the claimant cannot make an adjustment to other work, then the claimant is disabled. *Id.*

In evaluating the claimant's disability under this five-step process, the ALJ must consider all evidence in the case record. *Id.* § 404.1520(a)(3). This includes medical opinions, records, self-reported symptoms, and third-party reporting. *See id.* §§ 404.1527; 404.1529.

**C.    The ALJ's Evaluation under the Five Step Process**

At step one of the sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 20, 2012, the alleged onset date. (Doc. 11-3 at 29). In step two, the ALJ ascertained that Plaintiff had the following severe impairments: "obesity, hypertension, degenerative disc disease of the lumbar spine, lumbar stenosis, status post lumbar laminectomy, and lumbar spondylosis." (*Id.* at 30). Under the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of the impairments listed in the Social Security Regulations. (*Id.* at 31).

Before moving on to step four, the ALJ conducted an RFC determination after consideration of the entire record. (*Id.* at 32). The ALJ found that Plaintiff had "the residual

1  functional capacity to perform the full range of sedentary work." (*Id.*).

2  At step four, the ALJ found that Plaintiff was unable to perform his past relevant work as a parts clerk because it was "heavy exertional level work." (*Id.* at 38). Finally, the ALJ concluded at step five that based on Plaintiff's RFC, age, education, and work experience, Plaintiff could perform a significant number of jobs existing in the national economy. (*Id.*). Consequently, the ALJ concluded that Plaintiff had not been under a disability under the Social Security Act from April 20, 2012 through November 8, 2016—the date of the ALJ's decision. (*Id.* at 39).

## III. ANALYSIS

Plaintiff asserts that the ALJ's denial of his application for Social Security Benefits and Supplemental Security Income was not supported by substantial evidence and rests upon an error of law. (Docs. 1 at 2–3; 12 at 8). Specifically, Plaintiff argues that the Court should reverse the final decision of the Agency because the ALJ failed to articulate specific and legitimate reasons for affording minimal weight to the opinion of Dr. James P. Corcoran, one of Plaintiff's treating physicians. However, for the reasons set forth below, the final decision of the Commissioner is affirmed.

### A.  **Whether the ALJ Properly Evaluated the Opinion of Dr. Corcoran**

The sole issue before the Court is whether the ALJ failed to articulate specific and legitimate reasons for rejecting a treating physician's opinion. In social security cases, there are three types of medical opinions: "those from treating physicians, examining physicians, and non-examining physicians." *Valentine v. Comm'r*, 574 F.3d 685, 692 (9th Cir. 2009) (citation omitted). "The medical opinion of a claimant's treating physician is given 'controlling weight' so long as it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record.'" *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (quoting 20 C.F.R. § 404.1527(c)(2)). ALJs generally give more weight to medical opinions from treating physicians "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's]

medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations . . . ." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). Thus, the opinion of a treating source is generally given more weight than the opinion of a doctor who does not treat the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987)).

Should the ALJ decide not to give the treating physician's medical opinion controlling weight, the ALJ must weigh it according to factors such as the nature, extent, and length of the physician-patient relationship, the frequency of evaluations, whether the physician's opinion is supported by and consistent with the record, and the specialization of the physician. *Trevizo v. Berryhill*, 871 F.3d 664, 676 (9th Cir. 2017); *see* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). Although a "treating physician's opinion is entitled to 'substantial weight,'" *Bray*, 554 F.3d at 1228 (citation omitted), it is "not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability." *Batson*, 359 F.3d at 1195. Rather, an ALJ may reject the uncontradicted opinion of a treating physician by stating "clear and convincing reasons that are supported by substantial evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (citation omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (citation omitted). Nevertheless, "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (quoting *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986)).

In the present case, the ALJ assigned minimal weight to the opinion provided by Dr. Corcoran, one of Plaintiff's treating physicians. (Doc 11-3 at 36). Although Plaintiff

contends that the ALJ erred by failing to articulate specific and legitimate reasons for doing so, (Doc. 12 at 4–7), the Court finds that the ALJ provided a "specific and legitimate reason" supported by "substantial evidence" for assigning minimal weight to Dr. Corcoran's opinion. *Ryan*, 528 F.3d at 1198.

On May 16, 2013 and July 22, 2013, Dr. Corcoran opined, among other things, that Plaintiff had been unable to sustain any full-time employment since April 20, 2012, and that Plaintiff would miss at least 75 percent of time from work due to his medical condition. (Doc. 11-8 at 124–26). In assigning minimal weight to Dr. Corcoran's opinions, the ALJ stated:

> Amongst the restrictions listed was the finding that that the claimant would miss 75 percent of the time from work. . . . The undersigned found that there was no reason to believe the restrictions were intended to persist for 12 months.

(Doc 11-3 at 34 (citing Doc. 11-8 at 124–26)).

It is true that the ALJ did not transcribe the magic words, "I reject Dr. [Corcoran's] opinion because . . . ." *Magallanes*, 881 F. 2d at 755. "But our cases do not require such an incantation. As a reviewing court, we are not deprived of our faculties for drawing specific and legitimate inferences from the ALJ's opinion." *Id.* Here, the ALJ discounted Dr. Corcoran's opinion because it was inconsistent with the medical evidence and clinical findings. (*See* Doc. 11-3 at 36). The ALJ "summarized the facts and conflicting clinical evidence in detailed and thorough fashion, stating [her] interpretation and making findings." *Magallanes*, 881 F.2d at 755; (*see* Doc. 11-3 at 32–38). Inconsistency between a physician's opinion and objective medical findings constitutes a "specific and legitimate reason" for rejecting the contradicted opinion of a treating physician. *See Valentine v. Comm'r*, 574 F.3d 685, 692–93 (9th Cir. 2009); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (holding that the ALJ's rejection of a treating physician's opinion because the medical records were inconsistent with the limitations set forth in that physician's opinion constituted a "specific and legitimate reason" for discrediting that opinion);

20 C.F.R. § 404.1527(c)(4) ("Generally, the more consistent a medical opinion is with the record as a whole, the more weight [the ALJ] will give to that medical opinion."); SSR 06-03P, 2006 WL 2329939, at * 4 (S.S.A. Aug. 9, 2006).

In her opinion, the ALJ described the medical evidence in detail and determined that the objective medical evidence and clinical findings did not support the severe physical limitations identified by Dr. Corcoran. (Doc 11-3 at 32–38). The ALJ first considered Plaintiff's symptoms and then proceeded to address the opinion evidence. (*Id.*). The ALJ detailed the medical evidence and clinical findings from Plaintiff's fall at work through his recovery period from surgery, and evaluated the medical opinions based on whether they were consistent with those medical findings. (*Id.*).

For example, although the medical records indicated that Plaintiff fell at work on April 20, 2012, Plaintiff's alleged onset date, the ALJ noted Plaintiff's hearing testimony that he returned to work two months after his injury. (*Id.* at 33). According to the ALJ, this supported "a finding that his symptoms were not disabling at that time[,]" (*id.*), which is clearly inconsistent with Dr. Corcoran's opinion that Plaintiff was unable to sustain any full-time employment since April 20, 2012, (Doc. 11-8 at 124–26). Further, in June of 2012, the ALJ noted that Plaintiff was treated with epidurals and "reported that he was not experiencing much pain down the right lower extremity since the injection." (*Id.* (citing Doc. 11-8 at 100, 103)). Based on this report by Plaintiff and on his physical examination findings, the ALJ determined that Plaintiff's use of medication "did not suggest limitations greater than found in this decision." (*Id.*). Moreover, the ALJ pointed out that the independent medical examination Plaintiff underwent with Dr. James Maxwell in July 2012 failed to demonstrate objective evidence of an injury, thus supporting the ALJ's conclusion that Plaintiff was not disabled during the period at issue. (*Id.*).

Thereafter, the ALJ observed that Plaintiff underwent back surgery on July 23, 2013, but concluded that the "course of treatment following the surgery did not support a finding that he had been unable to perform all work." (*Id.*). Plaintiff's treatment records following his surgery demonstrated that he "progressed well," that his symptoms

had improved in his legs, and that his recovery period "appeared to be within normal limits." (*Id.* at 33–34). Although Plaintiff reported pain following his surgery, his medical records also demonstrated that he made progress with each visit. (*Id.* at 34). After reviewing the available evidence of record, the ALJ remarked that Plaintiff's subjective allegations of ongoing and constant pain were inconsistent with the reports of his treating and examining physicians who observed that Plaintiff was "routinely in no distress" and "no acute distress." (*Id.* at 35).

Given Plaintiff's medical records, the ALJ assigned great weight to the opinion of Plaintiff's surgical treating physician Dr. Wang that Plaintiff "was unable to work between September 23, 2013 to October 25, 2013" because this opinion was "consistent with the claimant's surgical procedure and recovery period." (*Id.*). Based on the medical evidence and Dr. Wang's opinion, the ALJ noted that she was unable to find Plaintiff "more limited than found in this opinion" as "the restrictions were not intended to persist for 12 months." (*Id.*). Thereafter, the ALJ reasonably discounted Dr. Corcoran's opinions that Plaintiff had been unable to sustain any full-time employment since April 20, 2012 and that Plaintiff would miss at least 75 percent of time from work due to his medical condition, (Doc. 11-8 at 124–26), because these severe limitations were inconsistent with the medical evidence. *Valentine*, 574 F.3d at 692–93; *Tommasetti*, 533 F.3d at 1041. Specifically, Dr. Corcoran's May 16, 2013 and July 22, 2013 opinions were rendered *before* Plaintiff had back surgery and failed to account for the results of that procedure, including Plaintiff's recovery. (*See* Doc 11-3 at 33–36). Moreover, the ALJ's analysis of the medical evidence and clinical findings demonstrates that the severe symptoms identified by Dr. Corcoran were not expected to last 12 months. (*See id.* at 32–38). In conclusion, the ALJ provided a "specific and legitimate reason" based on "substantial evidence" for discounting Dr. Corcoran's opinions. As a result, the ALJ did not err in affording Dr. Corcoran's statements minimal weight.[2]

---

[2] Even if Plaintiff were able to demonstrate that the ALJ failed to provide a "specific and legitimate reason" for discounting Dr. Corcoran's opinion—which he has not—Plaintiff has failed to carry his burden of demonstrating how that error was harmful. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("[T]he party that 'seeks to have a

## IV. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that the final decision of the Commissioner of Social Security is **AFFIRMED.**

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly and terminate this case.

Dated this 15th day of July, 2019.

*James A. Teilborg*
Senior United States District Judge

---

judgment set aside because of an erroneous ruling carries the burden of showing that prejudice resulted.'") (quoting *Palmer v. Hoffman*, 318 U.S. 109, 116 (1943)); *Brown v. Comm'r of Soc. Sec.*, 532 F. App'x 688, 689 (9th Cir. 2013) (affirming the Commissioner's decision because the plaintiff "failed to carry her burden to show that [an] error was harmful.") (citing *Shinseki*, 556 U.S. at 409; *Molina v. Astrue*, 674 F.3d 1104, 1115–22 (9th Cir. 2012))). Specifically, Plaintiff has not demonstrated how the ALJ's discounting of Dr. Corcoran's opinions affected the outcome of this case.